**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3144
_____

UNITED STATES OF AMERICA

v.

DOROTHY ROBINSON, a/k/a Mae-Mae,
a/k/a Dorothy Johnson,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa No. 4:07-cr-000389-010)
District Court Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
January 27, 2022
_____

Before: CHAGARES, *Chief Judge*, McKEE, and MATEY, *Circuit Judges*

(Opinion filed: May 31, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Dorothy Robinson appeals the District Court's denial of her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing general concerns about COVID-19 and her particularized health concerns, which include obesity, sleep apnea, hypertension, and degenerative bone disease.[1] The District Court denied the motion after careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) and concluding they weighed against early release.[2] We agree with the Court's reasoning and will affirm.[3]

## I.

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[4] However, even if such extraordinary and compelling reasons exist, the court must also "consider[] the factors set forth in [§] 3553(a)."[5] Those factors include, among other things, "the history and characteristics of the defendant,"[6] and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to protect the public from further crimes of the defendant."[7]

---

[1] D.Ct. Dkt. No. 1531 at 6; Appellant Br. at 3–5.
[2] D.Ct. Dkt. Nos. 1531, 1532.
[3] We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's denial of the motion for compassionate release.
[4] 18 U.S.C. § 3582(c)(1)(A)(i).
[5] *Id.* § 3582(c)(1)(A).
[6] *Id.* § 3553(a)(1).
[7] *Id.* § 3553(a)(2)(A), (C).

We review a district court's ruling on a motion for compassionate release under § 3582(c)(1)(A) for abuse of discretion.[8] "[W]e will not disturb the District Court's decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"[9]

## II.

The crux of Robinson's motion for compassionate release is that the District Court incorrectly weighed the § 3553 factors when it found they counseled against her early release. In essence, she argues that the District Court gave some factors too much weight and other factors too little weight. Specifically, Robinson contends that she is not a danger to her community, considering her non-violent history, and because she would be surrounded by her family and friends and would resume her work as a cosmetologist if released.[10] She also states that the District Court failed to adequately consider the particular danger she faces in prison because of her preexisting conditions that make her more susceptible to death from COVID-19.[11]

The District Court carefully considered the § 3553 factors and reasonably concluded that reduction of Robinson's sentence was not appropriate because of the seriousness of her offense and her criminal history. The Court explained that Robinson's criminal history is indicative of the potential danger she poses to the community.[12] The

---

[8] *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).
[9] *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).
[10] Appellant Br. at 4–5, 8–9.
[11] *See id.* at 4–5.
[12] D.Ct. Dkt. No. 1531 at 8.

3

Court observed that "[i]n the many documents that [Robinson] has filed, she fails to address the seriousness of her crimes or the danger she poses to the vulnerable members of the community with any particularity or illustrate or argue that her stay in prison has made her less dangerous."[13]

Although the Court acknowledged that Robinson's "medical condition puts her in the category of one who may have an extraordinary and compelling reason for a release from prison to home confinement," it ultimately concluded that the relevant § 3553(a) factors weigh in favor of denying her motion for compassionate release.[14] Given the Court's careful and thorough analysis, it did not abuse its discretion in reaching that conclusion.

III.

For the foregoing reasons, the order of the District Court will be affirmed.

---

[13] *Id.*

[14] *Id.* at 6, 10–11.